The first case on the docket is 2-17-0262, the people of the state of Illinois, Plaintiff's Appellation, v. Carl Walker, Defendant's Accountant. Arguing on behalf of the Defendant's Accountant is Dennis J. Perko. Arguing on behalf of the Plaintiff's Appellation is Stephanie H. Lee. Ms. Perko, you may proceed. Good morning, Your Honors. Counsel, may it please the Court, I represent Carl Walker in his appeal from an aggravated domestic battery conviction, conduct that was alleged to have occurred against his longtime paramour who received a 16-year sentence. Our claim on appeal is that the trial court heard when it failed to grant the defense motion for continuance of the trial date, which motion was made on the date of the trial. Wait a minute, it was filed days before. When did counsel receive it? The state's motion was filed on the Thursday before the trial date. Is that the date counsel presumably received it? The record is not completely clear on that. There is an indication from the record that counsel had received the motion by the day of the trial, but because apparently the copy was marked off, so I think it's inferrable that he had it at least as of the day of trial. But it is not clear or I do not recall the record reflects exactly when defense counsel received the state's motion. The pending, of course, I believe the Court understands this at that time, were three counts of the indictment pertaining to an incident of August of 2015 and three counts of the indictment pertaining to an alleged incident of July of the same year. They're so separated by roughly a month's period of time. The state requested that the July charges be dismissed and that its motion eliminate was that the evidence pertaining to the July incident be admissible as propensity evidence in the prosecution of the August incident. The trial court granted that state's motion. The trial court's reasoning was that because defense counsel would have been aware of the July incident by reason of discovery and presumably the indictment, that there was no substantial difference in defending against the July incident. What is the difference? Well, the incident, the difference is primarily that the reasonable doubt standard of proof applies to the prosecution of a criminal case. So had the defense been defending this as a substantive charge, it would have had the benefit of the reasonable doubt standard involving this propensity evidence. On the other hand, propensity evidence, when it is used for, when the other crime evidence is used solely to prove propensity, there is no standard of proof. The jury is instructed that it may give the testimony the way that the jury sees fit to give it. There is no standard of proof. As a practical matter, the absence of the standard of proof would probably be most exemplified, or the problem involved in this would be most exemplified, by the nature of cross-examination that defense counsel would conduct when the standard is reasonable doubt, as opposed to the cross-examination that defense counsel would pursue when there is no standard of proof. So in the defense of a criminal case, generally speaking, vigorous cross-examination is the name of the day for defense counsel in order to convince the jury that the state has failed to meet its burden of proof. On the other hand, when defending propensity evidence, the idea of vigorous cross-examination would play simply into the hands of the state and be counterproductive for the defense. It seems like defense counsel adjusted pursuant to what you're talking about, because the cross-examination was fairly limited on this other incident, and really just went to whether or not the victim reported that to the police. And then argued that, and closed the argument of why the victim shouldn't be believed because she didn't report it to the police. Correct. That was the single angle of cross-examination. There was no examination of, I mean, typical cross-examination that would have been expected, would have been the memory of the complainant and other factors. Their surroundings at the time, what led to the alleged argument, and so forth and so on, that would have tested the credibility of that complaining witness. That kind of examination, which is typical in a criminal case, and is simply absent regarding the examination of the propensity evidence in this case. What would have been different if counsel had been given, say, three weeks, a month? That is difficult to answer on appeal, because, obviously, as appellate counsel, we're not privy, for instance, to the police reports. But what is, I think, crucial in this matter... Could you explain what you meant when you said it's difficult to answer? I'm not quite sure I understand how difficult it is, unless you're talking about trying to turn yourself into a medium and tell us what would have transpired had it actually happened. Well, exactly, Your Honor, I don't know the answer to that. A trial defense counsel stood before the court and said, I'm unprepared. This has taken me by surprise. I can only... I mean, absent my having access to the police reports and other information that would have served me, were I trial defense counsel, in designing my cross-examination. I cannot answer that question. But I think that anybody who has tried cases, or at least my experience from trying cases, is that if the rug is pulled out from under me, on the very day of trial, and understand that the State's motion was presented, let's say, first thing in the morning on the day of trial, on Monday morning, and the entire trial in this case to verdict was completed in a one-day period, I would say to Your Honors that no matter what kind of a case I was trying, if I unexpectedly was facing propensity evidence, the rug would have been pulled out of my feet, and I would have, let's say, colloquially liked to have slept on the problem. The trial court did not even ask trial counsel how much of a continuance he wanted. And this directly is addressed in the Walker case. The Walker case being, to the best of my research, the last time the Illinois Supreme Court has directly addressed the factors that should be considered in considering and determining a motion for continuance of trial. It's significant, for instance, that in the Walker case, among the many statements in that case, the Supreme Court makes note of the fact that trial court did not even bother to ask defense counsel in that case how much time she needed to prepare the case. The same thing happened in this case. Well, let's assume for a minute that the trial court in this case did mechanically deny the continuance as they talk about in Walker. And you do agree that you do have to show prejudice, correct? We do. I mean, per Walker and Lewis laws. We do. In answer to Justice Jorgensen's question about what would have been done differently, you said, well, that's difficult for me to answer because I'm doing this on appeal. The person who it wouldn't have been difficult to answer that question would have been trial counsel. Correct, but no one asked trial counsel. No, but on the post-trial motion, when trial counsel was arguing prejudice, trial counsel never said what he would have done differently. I appreciate that he could have stated his argument better. And I will candidly state to the Court that, you know, forfeiture issues are extremely difficult issues in many ways. But one of my own perception of a forfeiture issue is it tends to be a two-way street. If you don't ask me a question about what you don't understand in my argument, I can't explain to you what I don't understand. Nobody asked defense counsel what needed to be done. Now, what is apparent from this record, when you look at it from the appellate context and you have the record before you, is that the trial court did not even conduct the balancing test that is required for prejudice versus probative value before propensity evidence is admitted. That goes to error. It doesn't necessarily go to prejudice. When I follow the facts in this case, I try to hypothecate what I might have done under the circumstances if I was defense counsel. And I couldn't think of anything that would require a continuance. It may require a refocusing or a reformulation or, as you said indirectly, striking questions that, quote, unquote, aren't necessarily appropriate anymore. But as Justice Burke suggested, if I didn't know at the time of trial what I needed to do, I would like to think that after trial, in a post-trial motion, I would have an idea of why my client didn't have effective assistance of counsel because I, in retrospect, was able to figure out what I should have done. But didn't do. Or what I could have done but was not allowed to do. And so the problem I have with your position is, and I think Justice Burke referenced it and Justice Jordan questioned you about it, is what would a continuance have given defense counsel so that he could properly prepare, whatever it was, which we don't know the difference between the two because he never said it or it was never placed of record, and it wasn't placed of record in retrospect. Well, but I would submit to Your Honor that what's sleeping on this might have done at the time because I, because with due respect to the rules of forfeiture as they exist, I think the reality is that as defense counsel, as the party who has lost at trial, statistically the chance that a post-trial motion is going to be granted is extremely narrow. And I would say that, unfortunately, at times counsel do not devote sufficient attention to that. And we had never presented an argument as to why this propensity evidence was more prejudicial than it was probative. And I could argue that issue from now to sundown because I do not, in my opinion, believe that this balancing test necessarily would have resulted in a ruling to allow admission of this evidence. And, I mean, just to get off text here for a moment, my client and his paramour had a ten-year relationship. The propensity evidence in this case and the charge for which he was ultimately convicted occurred in a one-month period. I have a substantial question about the probative value for propensity of two acts of domestic battery in the course of a ten-year relationship. So that specifically is something that I believe trial counsel would have benefited from had he been given the time at when the motion for the propensity evidence was made. Along those same lines, though, I mean, trial counsel had a lot of time before trial where these charges were all pending together, correct? I mean, they were going to go to trial together and there was never a motion to sever, correct? Correct. And he was going to vigorously cross – and for the reasons I set out in the beginning of my argument, he was going to vigorously cross-examine in the mode that one vigorously cross-examines in defense of the charge. That vigorous cross-examination doesn't work when you're trying to – Why wouldn't he have filed the motion to sever? Well, it's – I'm sure he never would have thought about it just as I did not think about it. I know we're talking counterfactual conditionals, but the point is that's the whole problem with this case, is we don't – we haven't been able to discern how your client was adversely affected by the failure to cross-examine. Honestly, if the client had agreed to exercise the balancing test, whether – Well, I understand that, adjourned. I mean, except for the fact that the woman was helped to trial, I don't think that it is clear or that the Supreme Court's decision is based on a finding that had a continuance been granted, specifically A, B, and C would have been done, and the lack of a continuance prevented A, B, and C from being done. I think that the Walker case talks about the surprise, and I can connect the prejudice to include the failure to have apprehended the fact that the trial counsel did not conduct a balancing test. And while the argument at the post-trial motion would have been better and the argument altogether better if trial counsel had enunciated these problems, as a practical matter, I don't think at the post-trial motion typical trial counsel does what we do on appeal, which is look back at the whole record. And by – unfortunately, by the time this case came for post-trial motion, counsel was not concentrating on the fact that this balancing test had not been done, but it wasn't done, and that is a serious error when you talk about something as powerful as propensity evidence. Okay, you'll have an opportunity to make a vote. Thank you, Your Honor. Ms. Lee? Good morning, Your Honor. Counsel, and please, the Court. I would actually like to start by answering a question that Justice Jorgensen had asked about when defense counsel had this motion in their possession. It was, in fact, filed the Thursday before trial. If you look at supplemental record page 5, the defense attorney mentions that the state filed it on the Friday, so I would assume that he had it at least by the Friday, even though that fact was filed. Well, that's my question. Not when it was filed, but when did he get actual notice of the content of the motion? Well, if he said that defense is ready for the most part, but then he said that the state's attorney filed the motion to admit the acts on Friday. So, obviously, by Friday, that would mean that. Or he looked at the timestamp. No, because the timestamp says Thursday. Okay. It does. It says, I think, on 3-51. One business day. Is that your position? Correct. So here's my question. A weekend. Okay. What part of the statute here was followed correctly? State is supposed to give notice of propensity, to use evidence as propensity, at a reasonable time in advance of trial. How is one business day a reasonable amount of time in advance of trial? Actually, well, first of all, I would argue that if you look at Section C of that statute, it says that the state must disclose the evidence in a reasonable time in advance of trial. But the evidence itself had been disclosed since April, when the charges were first indicted. As long as I've charged it, then you should be on notice forevermore that any evidence that goes to a charge can be used as propensity evidence. That this whole idea of notice doesn't matter. Well, you have to disclose the evidence, which, in fact, we did. And then we would have given the notice the weekend before. I agree with that. Nobody objected to the timeliness of the motion itself. What he said is, I need more time to prepare. But as Your Honors have indicated, there's no – he never explained – we're only speculating what may or may not be some thing that he would have done. And the problem is we have to find an abuse – you have to find an abuse of discretion in denying the continuance. Okay. And Walker, that the defense counsel stepped up and just said, you know, I'm unprepared. I have this scheduled for next week or whatever it was. And basically, throughout the entire trial, Walker's attorney did nothing. That Walker, the Supreme Court case Walker. Correct. Counsel did nothing, basically. Didn't have a clue, really, what was going on. So is the message that we – if we affirm this decision, is the message that we're sending the counsel, you know what? If your motion to continue is denied, just sit there and act dumb. Because if you try to do the best you can, then there's no prejudice. No. I would disagree. In Walker – First? The Supreme Court Walker? Yes. Okay. The other Walker. The court – you know, the attorney said, literally, I have not prepared at all. Correct. In this case, the defense attorney said, I acknowledge that I knew about all this evidence. When he got up and asked for that continuance, he acknowledged that he had all the information. Counsel in the Supreme Court case, there was no issue that she had not received all the discoveries. She had all the evidence. It was there. Right. She just wasn't prepared to go to trial that day. Right. Justice Counsel here, with all due respect, was expecting to go to trial on two events. And now he's faced with one event and all this propensity evidence. I mean, isn't that really pretty much a sea change? I don't think so because the limiting instruction that was given said that the jury was supposed to decide if, in fact, the defendant did or did not do this. The defense then cross-examined the victim as well as you would do. And also, the defendant himself got up on the stand and said, none of this happened. I didn't do it. We, to this day, do not have a single piece of information on what exactly we would do different. And there's been multiple chances to explain that. At the pretrial, at the post-trial, on appeal in the briefs. We just don't have that. And so we don't have any. We have mere speculation that something magical could have been done differently. But we don't know what that would be. And how can it be an abuse of discretion? What would have been different in the first Walker case? They would have been prepared to go to trial on that particular day. A lot of times, realistically, trials do get prepped that week before you're ramping up and you're getting ready. And if you're not expecting to go to trial that day, you wouldn't be ready. They might have had witnesses they wanted to talk to, talk to their client. I know that happens on the days right shortly before trial and the day of trial. But the other thing I'd like to just mention is that we keep getting into this whole balancing test situation. And it's kind of been a little bit of a moving target because it seemed as though it was being argued, explained why, in fact, the court did balance the evidence. He mentioned the three different factors that you're supposed to consider. And he said that he was letting it in. He said that this is exactly what this statute is designed for and to do. And he mentioned the factors. Also, I don't think we have any evidence that the factors would not have applied. When you look at the statute, the beginning of the statute says that the evidence is admissible. There's the presumption that it is, in fact, coming in. And then it says when you're weighing the prejudice versus the probative, you may consider these other factors. Presumably, that means maybe you don't have to. But the court did, in fact, balance. On the one hand, it seemed like we were dealing with maybe a plain error analysis. But then the reply brief made it clear that that was not being challenged. So I think that the only issue before this court is did the trial judge actually abuse its discretion by denying this continuance? And the State would argue no. Is there anything in the statute that would distinguish propensity evidence as between propensity evidence that was originally charged versus propensity evidence that was not charged but was mentioned in discovery? I see nothing in the statute that would distinguish those. In fact, I see nothing in the statute that arguably wouldn't allow you to use them both anyway as propensity to the other. It just says that these other acts. It doesn't even say. Well, when I say distinguish, I'm talking about does it treat cases where the propensity evidence are claims, counts, complaints, charges of previously and presently or initially and presently charged crimes vis-a-vis previously uncharged crimes that have yet to be charged but which happened in the past. I see nothing there. It just says that evidence of the defendant's commission of another offense or offenses of domestic violence is admissible and may be considered for its bearing on any matter to which it is relevant. So I see nothing to say it has to be charged, uncharged. I see nothing actually to even show that it couldn't have happened after the offense that's at issue in the trial. It would be another offense or commission of an act. It doesn't come in automatically. You have to have a weighing. You have to have a balancing test. Well, it says it is admissible, which would imply that it comes in. Then it says in weighing the probative value of the evidence against the undue prejudice, the court may consider these factors. That does imply that you would normally be balancing, as you would with any evidence, if you had relevant evidence and somebody raised a 403 objection that it was unduly prejudiced, you would balance. To the extent it's not raised, the court might not do it. But, in fact, in this case, the court did mention those factors, so the court did, in fact, balance it. I mean, the Walker Supreme Court case talks about the trial court mechanically denying the continuance without engaging in thoughtful consideration of the specific facts and circumstances of the case. Isn't that what happened here? I mean, I know the trial judge talked about the facts being the same, but the trial judge just focused on the facts of whether we treat it as a charge or we treat it as propensity evidence. The facts are the same, so you should be prepared. But there is a change in strategy. I mean, you must admit there's some strategic difference in this, correct? I don't know that that's anywhere before the court what that change in strategy would be. Why does the State do it, then? I can't read their mind and answer that either. I mean, I can't either, but I got to believe they did it for a strategic advantage. I mean, why would the State do something for a strategic disadvantage? I would presume they thought it was the way they wanted to try their case, and they exercised the discretion to nolly those charges, correct? But, again, to gain some type of presumable strategic advantage, correct? I can't answer what was in his mind. I assume that would be the case. In answer to your question, though, the judge said Judge Clement, which was the first one that considered it, he was the pretrial and saw the progress leading up to trial, said, I don't think that my granting that motion changes the status of this case one bit. These were pending charges you were preparing for anyway. And that's what his finding was. When we got to post-trial, now we're in front of the trial judge who heard all the evidence, heard how it was presented, and got another opportunity to consider this whole issue, also felt that Judge Clement had made the right decision. That was, Judge Hollick said that you had noticed that these facts were coming in, and it wasn't going to change that. And we still, to this day, do not have any additional witness. We had one witness who was, in fact, cross-examined. The police officer was also asked about when those facts were presented to the police officer. And then we had the defendant get on the stand and deny that anything had ever occurred physically at that time on that date. So I can't think of anything that would change strategy-wise. And I don't think anything's been presented to this court to find that not only the first, you know, Judge Clement by doing this, but also then Judge Hollick in looking at it after the trial in retrospect, both felt this was completely appropriate, and they have that discretion to do that. If there's no other questions. I have none. Thank you. We would just ask that the Court affirm. Ms. Buerkle, you may proceed. Your Honors, I'm going to respectfully submit to the Court that the emphasis on what counsel would have done better needs considerable scrutiny. It's not just what counsel would have done. It's was counsel prevented from doing something because of the lack of a continuance. In other words, if they had been given more time, would they have locked the barn door and then the horses wouldn't have been stolen? If they weren't given enough time and the door was left open and the horses were stolen, then you might say, I'm prejudiced because I don't have any more horses. So it's similar to almost like an act of God in the sense that you can't blame it on anybody. If a tree falls in a forest, does it make a sound if no one's there? If you can't relate what it was that would have been different, then how can you claim that there was prejudice? I think the point is that when you have been given inadequate time to think, that you don't know what would have been different, and that is fundamentally unfair. And I do not think that you could charge the average attorney or the average public defender with being able adequately to think about strategy to consult with the client, perhaps to reconsider the status of the plea. I don't think that you can charge counsel with being able to make those important considerations and to discuss them adequately with the client in the period of time of a single day of trial in which a jury was chosen, about three witnesses appeared on the stand, this motion to eliminate was conducted, and so forth and so on. There is a practice called Monday morning quarterbacking, and it relates to football. But it has been used across the board in many ways to suggest that had somebody thought it over and had contemplated, deliberated, and philosophized as to what might have been the best thing that they did, then they would come up with a woulda, shoulda, coulda. And if you, in my opinion, hadn't come up with a Monday morning quarterbacking alternative, I don't know how there can be any prejudice. Again, Your Honor. I'm sure you know what Monday morning quarterbacking is, don't you? Well, frankly, I don't, Your Honor, but I do know the term. Okay, I give up. Candidly, I detest the sport of it. If you'd only used it to play golf. No, Your Honor, I know baseball quite well. Because if you'd only used it to go to a club, you know? Baseball would be if you only hadn't swung, it would have been a ball. There you go. Or if he hadn't moved out of the way, he would have been hit, and he would have been on base. So perhaps we will leave today respectfully disagreeing, and I will restate to the Court my belief that counsel, at the very minimum, would have ascertained the balancing of probative value versus prejudice that exists in this case, and that that issue is one that is prejudicial, and that counsel cannot be expected to have redesigned his strategy in the time allotted, and that the trial court did not follow the factors indicated in Walker for assessing and determining the decision on a motion for continuance. For the reasons that we've argued today and in our brief, we're respectfully requesting that Mr. Walker's conviction be reversed in this clause, be remanded for a new trial with a specific direction for the trial court to conduct the balancing test that is appropriate on the question of probative value versus prejudice. So you're conceding that jeopardy has not attached at that point? Yes, we're conceding that issue regarding that. Very good. Thank you. We'll take the case under advisement. There will be a short recess. We have other cases on the call.